IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00328-RPM-OES

ELECTRO-COMM DISTRIBUTING, INC.,

Plaintiff(s),

vs.

BRIAN SCANDARTIATO, et al.

Defendant(s).

---

RECOMMENDATION FOR ENTRY
OF DEFAULT JUDGMENT

---

ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  July 13, 2005

## INTRODUCTION

Plaintiff filed its Complaint on February 22, 2005, against Brian Scandariato and Melissa Scandariato, who were doing business as Edge Consulting.  Plaintiff served both defendants on March 8, 2005, and filed the returns with this court on March 21, 2005.  No defendant has ever filed any responsive pleading, and on May 9, 2005, the Clerk noted his Entry of Default against both defendants.  On May 25, 2005, plaintiff filed a Motion for Entry of Default Judgment.

## STANDARDS FOR DEFAULT JUDGMENT

As a general rule, "a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint."

United States v. DiMucci, 879 F.2d 1488, 1497 (7th Cir. 1989). Once default judgment is entered, the court is required to accept the well-pleaded allegations of the complaint as true. Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992); *see also*, 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure,* § 2688 at 58-59 (2d ed. 1998) (henceforth "Wright & Miller"), *citing* Thomson v. Wooster, 114 U.S. 104 (1885) ("Averments in a pleading to which a responsive pleading is required. . . are admitted when not denied in the responsive pleading."). The averments in plaintiff's complaint that were not denied in a responsive pleading "are deemed admitted, as they would be for any other litigant." Biella v. State Dept. of Hwys, 652 P.2d 1100, 1102 (Colo.App. 1982).

For a calculation of damages, "[n]o hearing is required on damages if the damages claimed are liquidated or in an amount calculable by mathematical processes alone." Kwik Way Stores, Inc. v. Caldwell, 745 P. 2d 672, 679 (Colo. 1987). If the sum is not certain or capable of easy computation, the court may proceed in any manner it deems appropriate, including hearings, inquiries or references to masters. Wright & Miller, § 2688 at 64.

## DISCUSSION

Plaintiff's Complaint reflects that plaintiff entered into a contract with defendants whereby plaintiff would sell a variety of electronic products to the defendant company, Edge Consulting. To induce plaintiff to extend credit to defendants, Brian Scandariato, one of the defendants, personally guaranteed

payment of all amounts owed by Edge Consulting to plaintiff. Compl., Ex. 3. Defendants have failed to pay for all of the materials that they purchased from plaintiff.

**Monetary damages.** Plaintiff's monetary damages are "liquidated or in an amount calculable by mathematical processes alone." Kwik Way, 745 P.2d at 679. The amount owed by defendants is the amount that defendants have failed to pay for various purchases. Defendants have listed the invoices of shipped goods for which defendants have failed to make payments, and have totaled the amount due and owing, for a total of $248,818.56 in principal as of April 14, 2004. *See* Application for Entry of Default Judgment [filed May 25, 2005]. Plaintiff states that as of May 14, 2005, the amount due and owing with interest was $301,633.57. Id.

**Order of replevin.** Plaintiff also seeks an order of replevin. To determine plaintiff's entitlement to an order of replevin, I conducted a hearing on plaintiff's motion on July 11, 2005. At that hearing, I received sworn testimony from Mike Brownson, President of plaintiff corporation.

Mr. Brownson testified that as part of the sales of goods to defendants, defendants agreed to grant plaintiff a security interest in the goods that were sold. *See also* Compl, Ex. 2 ("Terms and Conditions of Sale"), ¶ 4. Mr. Brownson testified that defendants have failed to pay for the goods as agreed, and have failed to return the goods. Therefore, he asks that an order of replevin be entered by the court to enable defendants to seek out and seize any goods that are wrongfully retained by defendants.         Mr. Brownson testified that the Document ID number that is

contained on its invoices enable plaintiff to identify the serial number of the particular product that it sold to defendants.  Through identification of these numbers, plaintiff is able to determine the identity of the products that are being wrongfully withheld by defendants.  Those products and their respective Document ID numbers are listed in Exhibit 1 of plaintiff's Complaint.

**Interest, attorney fees and costs.**  The contract between plaintiff and defendants reflects that plaintiff is entitled to recover, in addition to its damages and recovery of the secured goods, late fees of 1.5 percent on any outstanding balance owed, and all expenses incurred by plaintiff to recover amounts owed (Compl. Ex. 2, ¶ 3), including reasonable attorney fees and costs.  Compl., Ex. 2, ¶ 9.  Plaintiff states that it has incurred attorney fees and costs in the amount of $3,428.06.  Aff. for Entry of DJ [filed May 25, 2005], Ex. 3.

### RECOMMENDATION

Plaintiff has established its entitlement to have default judgment entered in its favor, and has established its entitlement to the damages and replevin sought.  I therefore recommend as follows:

1.  that default judgment enter in favor of plaintiff for the principal amount of $248,554.21 as of April 14, 2004, with late fees of 1.5 percent per month to be assessed from and after that date.

2.  that an order of replevin be granted allowing plaintiff to seize from defendants the items that are described on Exhibit 1 of its Complaint.

    3.  that plaintiff be awarded its attorney fees and costs in the amount of $3,428.06.

    Dated at Denver this day of July 13, 2005

                                    BY THE COURT:

                                    s/ O. Edward Schlatter

                                  _____
                                  O. Edward Schlatter
                                  U.S. Magistrate Judge